nance. If the trial court finds that plaintiffs are not barred by laches or by *R. R.* 4:88–15 as to this issue, it should then determine the merits thereof.

Reversed and remanded for proceedings in conformity with this opinion, costs to abide the result.

N., PLAINTIFF-APPELLANT, v. M., DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued November 14, 1960—Decided November 18, 1960.

Before Judges CONFORD, FREUND and KILKENNY.

*Mr. Frank J. Rubin* argued the cause for plaintiff-appellant (*Mr. Joseph C. Doren,* attorney).

*Mr. Israel H. Saltman* argued the cause for defendant-respondent.

The opinion of the court was delivered by

CONFORD, S. J. A. D.  Plaintiff filed a complaint in the Juvenile and Domestic Relations Court of Middlesex County under *N. J. S. A.* 9:2–9 *et seq.,* requesting that court to have a ten-month-old infant brought before it for appropriate proceedings to determine and order proper arrangements for his care and custody.  The complaint was dis-

missed on motion for lack of jurisdiction and insufficient interest in the plaintiff to bring the proceedings. No hearing or investigation was had on the merits of the complaint. Plaintiff appeals.

The complaint and the particulars stated in the verification thereof in substance show the following. Plaintiff is the mother of L., "who is alleged to be" the natural father of the infant, given the same name at birth, born to the defendant. The defendant is 17 years of age. When the child was two months old he was brought by his mother to plaintiff's home and left there week-ends. At five months of age, in September 1959, the child was left with plaintiff to be cared for and remained with her until February 16, 1960, when defendant resumed his custody. Defendant "drinks excessively," frequents bars, has a police record at Lawrence Harbor, and has a reputation for being immoral and having dissolute habits. She failed to deny plaintiff's remonstrances with her for "having affairs" with men. Defendant did not see the child for weeks at a time when he was with plaintiff and did not contribute to his support during that period. She now lives with the child in a six-room house wherein ten people reside. She is employed as a waitress and earns $20 per week. Additional details of inadequate attention to the health and physical needs of the child by defendant are set forth.

Defendant's notice to dismiss the complaint was supported by an affidavit in which she stated that when the child was born she was unmarried. Plaintiff is not related to her by blood or marriage. Prior to April 8, 1960 defendant resided with her parents at Cliffwood Beach. On that date she was legally married to B. M. in Maryland. No one has been adjudicated the father of the child in any proceeding, nor is any such proceeding pending. No proceedings to compel her to support the child have been brought. She has never been convicted of any crime nor adjudicated a juvenile delinquent. She never abandoned the child. She resides with her husband in Perth Amboy.

An affidavit by defendant's father generally supports the contents of her own.

*N. J. S. A.* 9:2–9 provides as follows:

"When the parents of any minor child or the parent or other person having the actual care and custody of any minor child are grossly immoral or unfit to be intrusted with the care and education of such child, or shall neglect to provide the child with proper protection, maintenance and education, or are of such vicious, careless or dissolute habits as to endanger the welfare of the child or make the child a public charge, or likely to become a public charge; or when the parents of any minor child are dead or cannot be found, and there is no other person, legal guardian or agency exercising custody over such child; it shall be lawful for *any person interested in the welfare of such child* to institute an action in the Superior Court or the Juvenile and Domestic Relations Court in the county where such minor child is residing, for the purpose of having the child brought before the court, and for the further relief provided by this chapter. The court may proceed in the action in a summary manner or otherwise." (Emphasis added)

*N. J. S. A.* 9:2–10 in effect provides that in an action brought pursuant to the quoted section an investigation shall be made by the chief probation officer of the county concerning the reputation, character and ability of the plaintiff or such other person as the court shall direct to properly care for the child; an order or judgment for custody to the person designated by the court shall be made, but in proper cases care and custody may be exercised by supervision of the child in its own home.

██ The first basis of decision stated by the trial court in its "Statement of Reasons for Determination" is that the court is without jurisdiction because the "facts did not indicate child might become a public charge or parent neglected to provide maintenance. No action for support or paternity is or was instituted. Defendant was never adjudicated as immoral or unfit parent, grossly immoral, unfit, vicious, etc." However, the facts alleged, *if proven,* certainly would have raised a serious question as to whether the "welfare of the child" was endangered by leaving it with defendant, unsupervised, and would have called for a deter-

mination of that question on the merits. Unless the complaint is so totally devoid of substance on its face as to justify the conclusion it raises no case within the statutory contemplation, the act plainly implies the necessity for a hearing so that the court may evaluate the substantial merit of the complaint in terms of the welfare of the child. This complaint, as verified, could not be summarily dismissed without hearing as patently without merit on its face.

The second ground of adjudication is that plaintiff is not a "party in interest," a "real party" or a "proper party" to bring the action. We think the court took entirely too narrow a view of the phrase, "any person lawfully interested in the welfare of such child." This is not an action seeking vindication of a property right. It is one by which the Legislature has provided machinery for protection of the welfare of infants endangered by deleterious custodial conditions, before either a special statutory court deemed expert in matters affecting juveniles or before the Superior Court, with its inherent *parens patriae* jurisdiction over infants. The proceeding does not, even if a case for relief is established, necessarily eventuate in a custody award to plaintiff. Custody may be granted any other fit person or to an appropriate society or institution, *N. J. S. A.* 9:2–11, or, as indicated above, the child may be ordered left with defendant under supervision. Thus, the statute is revealed as a manifestation of the concern of society over helpless and hapless infants, not as a remedy for the benefit of the persons authorized therein to institute the proceeding. The legislative designation of the category of such authorized persons must therefore have a broad and liberal construction in aid of the beneficent statutory objective and purpose.

We need not here chart the entire class of persons "interested in the welfare of such child," within the intent of the act. It is sufficient to say we regard it as unquestionable that the putative grandmother of a child, by whom the child has been maintained and nurtured for five months of his first year of life, is sufficiently "interested in [his] welfare"

to come within the class of monitors authorized by the act to bring to the court's attention a threat to his well-being. We find not at all in point the case of *In re Stevens,* 27 *N. J. Super.* 130 (*App. Div.* 1953), relied upon by defendant.

Reversed and remanded for further proceedings in the Juvenile and Domestic Relations Court consistent with this opinion. Costs to abide the event.